The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with the minor modification of Finding of Fact Number 3.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, at the hearing, and by post-hearing agreement as:
STIPULATIONS
1. On 24 November 1993, the date of the alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at the time of the alleged injury.
3. Plaintiff's average weekly wage was $380.00, which yields a compensation rate of $250.80.
4. A document entitled STIPULATION, with attached records from nine medical care providers, received by the Industrial Commission on 2 April 1995 and marked by the undersigned as Stipulated Exhibit Number Two, is stipulated into evidence.
5. The depositions of Drs. Robert Price and James Frank are hereby made part of the evidentiary record.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a married, forty-seven year old man with three children. Plaintiff had obtained a GED and had attended Durham Technical College for one and one-half years in a business administration program.
2. Plaintiff began his employment with defendant-employer on 4 May 1992. On 24 November 1993, plaintiff was employed by defendant-employer as a recycling department route supervisor.
3. On 24 November 1993, plaintiff and his assistant, Greg Williams, were required to dispose of a load of used wooden pallets. One of plaintiff's regular job duties of his employment as a recycle supervisor was to dispose of wooden pallets when they accumulated and consequently needed to be disposed of in an appropriate manner. Plaintiff and Mr. Williams disposed of the pallets by throwing from them from back of their work truck into a garbage dumpster. After throwing one of the pallets into the dumpster, plaintiff stated to Mr. Williams that his shoulder hurt. Nothing unexpected or unusual occurred when plaintiff threw the pallet to which he attributed his shoulder pain. Following this incident, Mr. Williams disposed of the remaining pallets by himself.
4. Plaintiff worked the remainder of the day, including two tenths of an hour of overtime. Plaintiff was not scheduled to work from 25 November 1993 through 28 November 1993, dates that included the Thanksgiving holiday and a weekend. Plaintiff returned to work for defendant-employer on 29 November 1993. Plaintiff worked his usual eight hour shift plus an hour of overtime. On 30 November 1993, plaintiff worked his usual shift, plus two hours of overtime. Plaintiff did not work on 1 December 1993 or 2 December 1993. He worked three and one-half hours on Friday, 3 December 1993. Plaintiff did not work as scheduled on 6 December 1993. He worked three hours on December 7th, ten hours on the 8th, and nine hours on the 9th and the 10th. Plaintiff did not return to work for defendant-employer after 10 December 1993.
5. In early December 1993, plaintiff reported to his supervisor, Dub Karriker, that he was experiencing difficulty keeping his head raised, that he had numbness in an arm, that the cause of his condition was degenerative arthritis and that he was scheduled to undergo surgery to correct these problems.
6. Plaintiff presented to the Durham Regional Hospital emergency room on 2 December 1993 complaining of left-sided neck pain, left arm pain and numbness in his thumb and second finger. Plaintiff informed the examining physician that the pain began when he awoke on 1 December 1993, that the pain had persisted since that time, and that he thought he had a "crick" in his neck. Plaintiff denied any blunt trauma. On 2 December 1993, plaintiff had a large central and left-sided disc herniation at C6-C7.
7. Plaintiff was re-examined on 15 December 1993. The note from this examination reveals that on this date there was no known injury to plaintiff's cervical spine or left shoulder. On 20 December 1993, plaintiff underwent a left C6-C7 hemilaminectomy and foraminotomy performed by Dr. Price.
8. Plaintiff did not report an injury or accident to defendant-employer on 24 November 1993, or at any time thereafter, until 7 January 1994. On 7 January 1994, plaintiff asked Mr. Karriker to provide plaintiff with light duty work. When Mr. Karriker explained that defendant-employer's policy was to provide light duty work only to those person who had sustained work related injuries, plaintiff told Mr. Karriker that he had injured himself on 24 November 1993 while throwing pallets.
9. Plaintiff was released to return to work without restrictions on 15 March 1994. On 15 March 1994, Mr. Williams had been promoted to fill plaintiff's former position with defendant-employer. Plaintiff did not return to work for defendant-employer, or for any other employer, until 12 September 1994, when he began working for another employer as a press operator.
10. Plaintiff has a twelve and one-half percent permanent partial disability of his neck.
11. Plaintiff testified that the pain and numbness he experienced in his neck, shoulder and arm began immediately after the incident on 24 November 1993. He further testified that he did not return to work for defendant-employer after 24 November 1993, except for one hour on 29 November 1993. Based upon plaintiff's testimony and demeanor, and the other credible evidence of record, the undersigned does not except plaintiff's testimony as credible.
12. Since plaintiff's testimony was not credible, plaintiff did not prove that any injury he may have sustained to his cervical spine on or about 24 November 1993 resulted from a specific traumatic incident or an interruption of his normal work routine by an unusual condition likely to result in unexpected consequences.
13. Any injury plaintiff may have sustained to his shoulder on 24 November 1993 did not result from an interruption of his normal work routine by an unusual condition likely to result in unexpected consequences.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ J. RANDOLPH WARD COMMISSIONER
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER